Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
(602) 445-9819
(866) 565-1327 facsimile
mmeyers@attorneysforconsumers.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Hernandez, on behalf of herself and and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Williams, Zinman & Parham P.C., <br><br> Defendant. | Case No. <br><br><br><br> ORIGINAL CLASS ACTION COMPLAINT |

**NATURE OF ACTION**

1.   This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this

Original Class Action Complaint 1

district, where Plaintiff reside in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4.     Plaintiff Maria Hernandez ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, City of Scottsdale.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Williams, Zinman & Parham P.C. ("Defendant"), is an Arizona professional corporation with its principal place of business situated at 7701 E. Indian School Road, Suite J, Scottsdale, AZ 85251. Defendant may be served by and through its registered agent: Scott E. Williams, 7701 E. Indian School Road, Suite J, Scottsdale, AZ 85251.

7.     Defendant was at all relevant times engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor – originally A-L Financial Corp.- other than Defendant.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, and/or services that are the subject of the transaction –

Original Class Action Complaint 2

specifically a personal automobile loan – was incurred primarily for personal, family, or household purposes.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated December 29, 2011, in which Defendant stated, in relevant part:

> You, the consumer, have thirty (30) days after receipt of this notice to dispute the validity of the debt, or any portion thereof. Unless you dispute the validity of this debt within thirty (30) days, the debt will be assumed to be valid by this firm. If you do notify us of a dispute, we will obtain verification of the debt, or a copy of the judgment, and mail it to you. Also, upon you request within thirty (30) days, we will provide you with the name and address of the original creditor, if different from the current creditor. Your right to dispute the debt is separate from your legal rights and obligations regarding responding to any Summons and Complaint or Writ of Garnishment that you may be served with."

13. The December 29, 2011 letter failed to notify Plaintiff that in order for Plaintiff to require Defendant to obtain verification of the debt and mail such verification to Plaintiff, Plaintiff must dispute the debt, or any portion thereof, in writing, and as such, Defendant failed to meaningfully convey the disclosure required pursuant to 15 U.S.C. § 1692g(a)(4).

14. The December 29, 2011 letter failed to notify Plaintiff that in order for Plaintiff to require Defendant to provide the name an address of the original creditor, if

different from the current creditor, Plaintiff must request the same in writing, and as such, Defendant failed to meaningfully convey the disclosure requirement pursuant to 15 U.S.C. § 1692g(a)(5).

15. Defendant, as a matter of pattern and practice, sends initial written correspondence to alleged consumer debtors that are substantially similar or materially identical to the December 29, 2011 written correspondence sent to Plaintiff, which failed to notify Plaintiff that in order for Plaintiff to require Defendant to obtain verification of the debt and mail such verification to Plaintiff, Plaintiff must dispute the debt, or any portion thereof, in writing.

16. Defendant, as a matter of pattern and practice, sends initial written correspondence to alleged consumer debtors that are substantially similar or materially identical to the December 29, 2011 written correspondence sent to Plaintiff, which failed to notify Plaintiff that in order for Plaintiff to require Defendant to provide the name an address of the original creditor, if different from the current creditor, Plaintiff must request the same in writing.

**CLASS ALLEGATIONS**

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in Arizona who, within one year before the date of this Complaint, received initial written correspondence from Defendant in connection with an attempt to collect any consumer debt, where the initial written correspondence was substantially similar or materially

Original Class Action Complaint 4

identical to the December 29, 2011 written correspondence sent to Plaintiff.

19. The proposed class specifically excludes The United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of The United States Court of Appeals for the Ninth Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

20. The class is averred to be so numerous that joinder of members is impracticable.

21. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

22. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

23. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 *et. seq.*; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

24. The claims of Plaintiff are typical of those of the class she seeks to represent.

25. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

26. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

27. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

28. Plaintiff is willing and prepared to serve this Court and the proposed class.

29. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

30. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

31. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class(es) would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

32.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

33.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

34.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

35.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(a)(4)

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35.

37. 15 U.S.C. § 1692g(a)(4) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> \*      \*      \*
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

38. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to notify Plaintiff in its initial communication, or within five (5) days thereof, that in order to require Defendant to obtain verification of the debt and mail such verification to Plaintiff, Plaintiff must dispute the debt, or any portion thereof, in writing.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

  b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4);

    c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member;

    d) Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

    e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(a)(5)

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35.

40. 15 U.S.C. § 1692g(a)(5) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> \*   \*   \*
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to notify Plaintiff that in order for Plaintiff to require Defendant to provide the name an address of the original creditor, if different from the current creditor, Plaintiff must request the same in writing.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(5);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(b)

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35.

43. 15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

44. Defendant violated 15 U.S.C. § 1692g(b) by making representations inconsistent with the disclosures required pursuant to 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

45.     Plaintiff is entitled to and hereby demands a trial by jury on all counts.

Dated:  April 6th, 2012, and respectfully submitted,

>By: s/ Marshall Meyers
>Marshall Meyers (020584)
>WEISBERG & MEYERS, LLC
>5025 North Central Ave., #602
>Phoenix, Arizona 85012
>(602) 445-9819
>(866) 565-1327 (fax)
>mmeyers@attorneysforconsumers.com
>
>s/ Russell S. Thompson IV
>Russell S. Thompson IV (029098)
>WEISBERG & MEYERS, LLC
>5025 North Central Ave., #602
>Phoenix, Arizona 85012
>(602) 388-8875
>(866) 565-1327 (fax)
>RThompson@attorneysforconsumers.com
>
>Attorneys for Plaintiff