Marshall Meyers (020584)
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
(602) 445-9819
(866) 565-1327 facsimile
mmeyers@attorneysforconsumers.com
Attorney for Maria Hernandez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Hernandez, on behalf of herself and and all others similarly situated, ) | Case No. 2:12-cv-00731-SMM |
| ) | |
| Plaintiff, ) | |
| ) | **Plaintiff's Motion for Summary Judgment** |
| vs. ) | |
| ) | |
| Williams, Zinman & Parham P.C., ) | Assigned to the Hon. Stephen M. McNamee |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**Issue Statement**

Under Sections 1692g(a)(4) and (5) of the Fair Debt Collection Practices Act ("FDCPA"), a debt collector must advise a consumer—in the initial communication or within five days thereafter—to contact the debt collector *in writing* in order to trigger certain statutory rights.  Williams, Zinman & Parham P.C. ("WZP") did not comply with the strict requirements of the Act in its December 29, 2011 communication to Ms. Hernandez or otherwise.  Should this Court follow the wisdom of every district court that has considered this issue and grant summary judgment in Ms. Hernandez's favor?

**Introduction**

As a matter of pattern and practice, WZP sends form debt collection letters that violate Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) of the FDCPA.  These letters do not advise consumers like Plaintiff Maria Hernandez that they must notify the debt collector *in writing* within thirty days that the debt, or any portion thereof, is disputed, in order for the debt collector to obtain and mail verification of the debt.  Likewise, these letters do not advise consumers like Ms. Hernandez that they must request *in writing* within thirty days that the debt collector provide the name and address of the original creditor, if different from the current creditor.  Nor does WZP provide such notices within five days of its initial communications.

Although this Court has not yet analyzed the "in writing" requirement imposed by the plain language of Sections 1692g(a)(4) and (5), district courts across the country have universally held that a debt collector *must* inform an alleged debtor that his or her rights under Sections 1692g(a)(4) and (5) of the FDCPA may be invoked only "in writing." Likewise, the Ninth Circuit has considered the "plain meaning" of Section 1692g and made clear that its provisions "prominently" require a consumer to submit a written dispute to trigger his or her rights under Sections 1692g(a)(4) and (5).  These rulings are consistent with basic canons of statutory construction.

WZP's December 29, 2011 collection letter fails to advise Ms. Hernandez of the "in writing" requirement and therefore violates Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) of the FDCPA as a matter of law.  This Court should grant summary judgment

in her favor.[1]

<strong>Applicable Standard</strong>

**I.    The FDCPA is a strict liability statute.**

To accomplish its goal of eliminating abusive debt collection practices by debt collectors, "the FDCPA imposes certain requirements on debt collectors and imposes strict liability for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1099 (9th Cir. 2012).  The violation need not be knowing or intentional. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *accord Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 997 (9th Cir. 2012) ("The FDCPA is a strict liability statute; there is no mental state required to violate it.").

**II.   The FDCPA is a remedial statute that must be construed liberally in favor of consumer debtors.**

The FDCPA is a broad remedial statute.  *Gonzales*, 660 F.3d at 1060.  The Ninth Circuit has taken care "to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors."  *Clark v. Capital Credit & Collection Servs, Inc.*, 460 F.3d 1162, 1179 (9th Cir. 2006).  "Because Congress enacted the FDCPA to protect debtors

---

[1]    WZP has also moved for summary judgment.  *See* Doc. 45.  WZP's motion is based solely on the grounds that its December 29, 2011 letter to Ms. Hernandez was not the "initial communication" with respect to the debt at issue, such that WZP was not obligated to provide the notices required by Section 1692g.  *See* Doc. 45 at 2-5.  It does not address the "in writing" requirement of Sections 1692g(a)(4) and (5) or otherwise argue that its letter satisfies the FDCPA's requirements.  Ms. Hernandez responds to WZP's motion separately.  As established in that response, case law, FTC Commentary, and legislative history make clear that *all* debt collectors—not just the first one to send a collection letter—must provide consumers with Section 1692g(a) notices.

from abusive debt collection practices," the Ninth Circuit has "consistently interpreted the statute liberally to achieve that objective."  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1019, 1025 (9th Cir. 2012).

"Most important, because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk. As we have oft repeated, it does not seem 'unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.'" *Clark*, 460 F.3d at 1171-72 (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393 (1965)).

### III.    The FDCPA must be interpreted in accordance with the least sophisticated debtor standard.

Whether an initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical "least sophisticated debtor."  *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (quoting *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996), and *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)); *accord Clark*, 460 F.3d at 1171-72 ("In judging the actions of a debt collector, . . . . we seek to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.").  It need not actually deceive or mislead the debtor; it need only have the capacity to do so.  *Id.*

This objective standard is "designed to protect consumers of below average

4

sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Gonzales*, 660 F.3d at 1062 (quotation omitted).   If the debt collector has targeted a particularly vulnerable group, the benchmark for determining whether a communication is deceptive is "the competence of the substantial bottom fraction of *that* group." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (cited with approval in *Gonzales*, 660 F.3d at 1062).   "This standard ensures that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking, and the credulous." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (internal alterations omitted) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

**IV.    Validation requirements must be strictly construed.**

Validation requirements are strictly construed under the least sophisticated consumer standard. *Bankston v. Phycom Corp.*, No. C 07-03982 JF (PVT), 2007 WL 4170627, at *3. (N.D. Cal. Nov. 19, 2007); *Irwin v. Mascott*, 112 F. Supp. 2d 937, 953 (N.D. Cal. 2000) (citing *Baker*, 677 F.2d at 778).   "Significantly, the FDCPA does not assume that the recipient of a collection letter is aware of her right to require verification of the debt. Instead, the Act requires the debt collector, as the party in the better position to know the law, to inform the consumer of that right." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).

**V.     Whether a communication violates the FDCPA is a question of law that is appropriate for disposition through a summary judgment motion.**

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Whether

a communication violates the FDCPA is a question of law and is thus appropriate for disposition through a summary judgment motion. *See Terran*, 109 F.3d at 1432; *accord Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 205-06 (E.D.N.Y. 2009) ("The determination of whether a validation notice complies with the FDCPA is an issue of law that can be decided by a court.") (citing *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292 (2d Cir. 2003)); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1074 (E.D. Cal. 2008) (whether a communication would confuse a least sophisticated debtor, thereby violating the FDCPA, is a question of law for the court); *Khosroabadi v. N. Shore Agency*, 439 F. Supp. 2d 1118, 1122 (S.D. Cal. 2006) (same); *see also In re Martinez*, 266 B.R. 523, 532 (S.D. Fla. 2001) ("This Court agrees with the Second, Third and Ninth circuits, and finds that since the standard applied is objective in nature, i.e., a hypothetical least sophisticated consumer, the determination is a question of law.") (citing *Terran*, 109 F.3d at 1432-33; *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996)).

"Under the strict liability framework, proof of a single FDCPA violation is sufficient to support summary judgment for the plaintiff." *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 992 (D. Ariz. 2010); *accord Smith v. Nat'l Credit Sys., Inc.*, 807 F. Supp. 2d 836, 840 (D. Ariz. 2011) ("even a single violation of the act is sufficient to support liability").

**Argument**

I.     **Section 1692g(a) of the FDCPA applies to the December 29, 2011 collection letter.**

     A.     **Ms. Hernandez is a "consumer" as defined by the FDCPA.**

The FDCPA defines "consumer" as "any natural person obligated or alleged to be obligated to repay a debt."  15 U.S.C § 1692a(3).  WZP attempted to collect from Ms. Hernandez a debt allegedly owed to a third party creditor, Thunderbird Collection Specialists Inc. ("Thunderbird").  Statement of Material Facts, ¶ 3.  Ms. Hernandez is therefore a person obligated, or alleged to be obligated, to repay a debt.  Ms. Hernandez is a "consumer" as defined by the FDCPA.

     B.     **WZP is a "debt collector" as defined by the FDCPA.**

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C § 1692a(6).  Because instrumentalities of interstate commerce include telephone and the mails, virtually all commercial collection activities fall within the realm of the FDCPA.  WZP maintained a debt collection business for several years, until this lawsuit was filed.   Statement of Material Facts, ¶ 1.  WZP collected debts from individuals relating to car loans, credit cards, medical services, and rent payments.  Statement of Material Facts, ¶ 1.  As part of this debt collection business, WZP attempted to collect from Ms. Hernandez a debt allegedly owed to a third party creditor, Thunderbird. Statement of Material Facts, ¶¶ 2, 3.  WZP sent a collection letter through the United States mail, Statement of Material

Facts, ¶ 2, and therefore used instrumentalities of interstate commerce to attempt to collect the debt.  The letter stated:  "This communication is from a debt collector." Statement of Material Facts, ¶ 6.  WZP is a "debt collector" as defined by the FDCPA.

      **C.    Ms. Hernandez's alleged obligation is a "debt" as defined by the FDCPA.**

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C § 1692a(5).  Courts in the Ninth Circuit evaluate whether a debt was incurred primarily for personal, family, or household purposes by examining the end use of the subject of the transaction.  *Bloom v. I.C. System, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992); *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075-76 (9th Cir. 2001).  WZP attempted to collect a debt originally owed to A-L Financial Corp. related to a car loan. Statement of Material Facts, ¶ 4.  The car loan was taken out for personal, family, or household purposes, Statement of Material Facts, ¶ 4, and is a "debt" as defined by the FDCPA.

**II.    The December 29, 2011 collection letter violates Sections 1692g(a)(4) and (5) because it fails to advise Ms. Hernandez of her statutory rights.**

      **A.    Section 1692g(a) of the FDCPA requires that a debt collector's initial written communication contain very specific disclosures in order to ensure that debt collectors advise debtors of their legal rights.**

Congress enacted the FDCPA to "'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"  *Swanson*, 869 F.2d at 1225 (quoting S. Rep. No. 95-382, at 4 (1977),

*reprinted in* 1977 U.S.C.C.A.N. 1695, 1699).   To ensure that debt collectors give consumers adequate information on their legal rights, Section 1692g of the Act requires that a debt collector's initial written communication with a consumer contain very specific disclosures:

> **(a) Notice of debt; contents.**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The provision in the FDCPA requiring the validation of debts is a "significant feature of this legislation."  S. Rep. No. 95-382, at 4.

Of central importance to this case, the unambiguous language in Sections 1692g(a)(4) and (5) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send

the consumer a written notice containing . . . a statement that if the consumer notifies the

debt collector *in writing* within the thirty-day period that the debt, or any portion thereof,

is disputed . . . [and] a statement that, upon the consumer's *written request* within the

thirty-day period, the debt collector will provide the consumer with the name and address

of the original creditor, if different from the current creditor."  15 U.S.C. § 1692g(a)(4),

(5) (emphasis added).[2]

> **B.    The Ninth Circuit has emphasized that the plain language of Sections 1692g(a)(4) and (5) "prominently" requires a debt collector to inform an alleged debtor of the need to assert particular rights in writing.**

The Ninth Circuit has emphasized that Sections 1692g(a)(4) and (5) "prominently

require a consumer to do certain things in writing, including 'notif[y] the debt collector in

writing ... that the debt, or any portion thereof, is disputed' in order to obtain

verification." *Riggs*, 681 F.3d at 1102; *see also Camacho v. Bridgeport Fin. Inc.*, 430

F.3d 1078, 1081 (9th Cir. 2005) ("The plain meaning of § 1692g is that debtors can

trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while

debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written

dispute.").  The Ninth Circuit has also emphasized that "[w]hen the statute's language is

plain, the sole function of the courts—at least where the disposition required by the text is

---

[2]     By contrast, an "in writing" requirement is noticeably absent in Section 1692g(a)(3).  If "Congress includes particular language in one section of a statute but omits in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. U.S.*, 464 U.S. 16, 23 (1983); Sutherland, *Statutes and Statutory Construction*, § 47.25 (5th ed., Norman Singer ed.).  Here, "Congress acted intentionally when it did not limit the type of dispute contemplated by section 1692g(a)(3) to a written notice, just as Congress acted intentionally when it did impose written requirements in sections (a)(4), (a)(5), and 1692g(b)." *Register v. Reiner, Reiner & Bendett, PC,* 488 F. Supp. 2d 143, 147 (D. Conn. 2007).

not absurd—is to enforce it according to its terms." *Id.* (quoting *Lamie v. United States Trustee,* 540 U.S. 526, 534 (2004)); *see also Hibbs v. Winn,* 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.").  Thus, in interpreting the FDCPA, words and phrases must be given their natural and ordinary meaning.  *Romine v. Diversified Collection Servs, Inc.,* 155 F.3d 1142, 1146-47 (9th Cir.1998) (citing *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995)).

   Combining these two principles, the District Court for the Southern District of California found a clear violation of Sections 1692g(a)(4) and (5) where a dunning letter failed to advise a consumer "that to be entitled to a verification of the debt under subsection (a)(4) or to obtain the name and address of the original creditor under subsection (a)(5) the request had to be in writing."  *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170-71 (S.D. Cal. 2010).  The court noted:  "[T]he plain reading of Section 1692g reveals that to be entitled to the protections set forth in subsections (a)(4) and (a)(5), the corresponding requests must be made in writing. There is also no indication that upholding such a requirement would be absurd."  *Id.*

   **C.    Every court to have considered this issue has held that a debt collector must inform an alleged debtor that rights under Sections 1692g(a)(4) and (5) of the FDCPA may be invoked only "in writing."**

   Although this Court has not yet considered the issue, every  federal court to have done so has held that a failure to inform a consumer that he or she must notify the debt collector "in writing" to properly invoke his or her rights under Sections 1692g(a)(4) and (5) constitutes a violation of the FDCPA.  *See Hernandez v. Guglielmo*, No. 2:09-CV-0830-LDG-GWF, 2012 WL 993676, at *2 (D. Nev. Mar. 23, 2012) ("[E]very district

11

court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be in writing."); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing."); *see also Bicking v. Law Offices of Rubenstein & Cogan,* 783 F.Supp.2d 841, 844–45 (E.D. Va. 2011) ("Several district courts have confronted this precise issue in recent years. As far as this Court can tell, all of them have held that a debt collector's failure to include the 'in writing' requirement violates subsections (a)(4) and (5) of Section 1692g.") (collecting cases).

The court in *Hernandez* explained the "principal reasoning for that unanimity":

> While § 1692g(a)(4) and (5) does not expressly prevent the debt collector from providing verification or identity information upon oral notification of the dispute, the debt collector *must* provide it upon written notification. Thus, by omitting the words, "in writing" or "written request" the debt collector does not effectively convey to the consumer his rights under the FDCPA. *See York Gee Au Chan v. North American Collectors, Inc.,* 2006 WL 778642, *6 (N.D. Cal. 2006); *Osborn,* [821 F. Supp. 2d at 870]; *see also Camacho*, 430 F.3d at 1082 (the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing."). Accordingly, it was insufficient for defendant [] to merely provide the option to plaintiffs to dispute a debt or request creditor identity information by either written or oral means.

*Hernandez*, 2012 WL 993676, at *2.

The list of supportive case law is lengthy. *See, e.g.*, *Crafton v. Law Firm of Jonathan B. Levine*, No. 12-CV-602-NJ, Decision and Order on Plaintiffs' Motion for Summary Judgment and Defendant's Motion for Summary Judgment, Doc. 37 at 8-9 (E.D. Wis. July 9, 3013) (granting plaintiffs' motion for summary judgment on claims

under Sections 1692g(a)(4) and (5) where there was no dispute that the collection letter failed to include the requisite "in writing" language because making clear that the debtor is invited to dispute the debt is not enough to satisfy the FDCPA's requirements); *Johnson v. CFS II, Inc.*, No. 12–CV–01091–LHK, 2013 WL 1809081, at *5 (N.D. Cal. Apr. 28, 2013) (letter failed to comply with validation requirements in Sections 1692g(a)(4) and (5) because it failed to inform debtor of "in writing" requirement); *Welker*, 699 F. Supp. 2d at 1171 ("[T]here can be no dispute Defendant violated the FDCPA insofar as his dunning letter failed to advise Welker that to be entitled to a verification of the debt under subsection (a)(4) or to obtain the name and address of the original creditor under subsection (a)(5) the request had to be in writing."); *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09–CV–43–D, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010) ("the failure to tell consumer that she must notify the debt collector 'in writing' of the dispute states a claim under section 1692g(a)(4)"); *Nero*, 655 F. Supp. 2d at 206 ("Plaintiff is correct in faulting Streeter Law for the omission. Plaintiff's claim cannot be described as a 'bizarre or idiosyncratic' interpretation of what is required under the FDCPA; rather, the validation notice clearly omitted an important term—that the consumer must inform the debt collector *in writing* to be entitled to verification of the debt…. The plain text of the FDCPA requires debt collectors to advise consumers of their rights in a prescribed manner, and Streeter Law failed to do so. Accordingly, plaintiff's request for relief with respect to Streeter Law's violation of § 1692g(a)(4) is granted."); *Bankston*, 2007 WL 4170627, at *3 ("[i]n interpreting the FDCPA, words and phrases must be given their natural and ordinary meaning"; here, verification notice did not state the "in writing" requirement to request verification of the debt and/or the identification of

13

the original creditor, and plaintiff has alleged sufficient facts to support a claim under Section 1692g); *Yrok Gee Au Chan v. N. Am. Collectors, Inc.*, No. C 06-0016 JL, 2006 WL 778642, at *6 (N.D. Cal. Mar. 24, 2006) ("by omitting the words 'in writing,' [debt collector] did not effectively convey to the consumer his rights under the FDCPA and thus violated the Act"); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742-44 (N.D. Ill. 2003) (same); *Carroll v. United Compucred Collections, Inc.*, No. 1-99-0152, 2002 WL 31936511, at *8-9 (M.D. Tenn. Nov. 15, 2002) ("The defendants [] did not inform the debtor that, in order to obtain verification, the notice must be in writing. [T]his failure to inform the debtor of the writing requirement is a violation of … section 1692g(a)(4).").

   **D.    WZP's collection letter did not contain the requisite "in writing" language and therefore violated Sections 1692g(a)(4) and (5).**

   WZP's correspondence to Ms. Hernandez is substantially identical to that analyzed in the cases cited above.  In all instances, the subject letters purport to provide the notices required by the FDCPA at Section 1692g(a)(4) and (5), but fail to specify that the referenced rights can be properly invoked only "in writing."  This Court should grant summary judgment in favor of Ms. Hernandez on Counts I and II in her original class action complaint.

**III.   The December 29, 2011 collection letter also violates Section 1692g(b) because its language is inconsistent with the disclosures required by Section 1692g(a).**

   Section 1692g(b) of the FDCPA provides in relevant part:

> Any collection activities and communication during the 30-day period may not overshadow *or be inconsistent with* the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C §1692g(b) (emphasis added); *see also Swanson*, 869 F.2d at 1225 (to satisfy Section 1692g's requirements, the required notice "must be conveyed effectively to the debtor" and "must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency"); *accord Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (where a communication "fails to convey the validation information clearly and effectively," it "thereby makes the least sophisticated consumer uncertain as to her rights").

As established above, WZP's collection letter contains representations that are inconsistent with the disclosures required under Sections 1692g(a)(4) and (5), in that they do not contain the mandatory "in writing" language. Partial compliance with disclosure requirements is tantamount to a violation of the FDCPA. *Gradisher v. Check Enforcement Unit, Inc.*, 210 F. Supp. 2d 907, 912-13 (W.D. Mich. 2002). This is because an incomplete notice like the one WZP provided to Ms. Hernandez fails to advise the least sophisticated consumer of his or her rights:

> Any consumer, not simply the least sophisticated consumer, who read this letter would not know that to secure her right to obtain verification of the debt and the identity of the original creditor, her dispute of the debt and request for the identity of the original creditor must be in writing. A consumer could certainly interpret this letter to mean that she could obtain verification of the debt or the identity of the original creditor by calling [the debt collector] at the telephone number provided on the letter. Of course, this is the not the case. *See* 15 U.S.C. §§ 1692g(a)(4), (a)(5). Without a statement that these requests must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, *see Savino,* 164 F.3d at 85; *Russell,* 74 F.3d at 35, she is completely unaware of them.
>
> In addition, a consumer who is not informed of the writing requirements would be unable to avail herself of the protections afforded by Section 1692g(b).

*Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F. Supp. 2d 336, 340-41 (E.D.N.Y. 2002); *accord Osborn v. Ekpsz, LLC,* 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) ("Without a statement in the letter that requests for information under subsections 1692g(a)(4) and (a)(5) must be in writing, the unsophisticated consumer 'is not simply uncertain of her rights under the statute, she is completely unaware of them.'"); *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) ("[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA."). If a collection letter contains ambiguous language that would cause confusion, the debt collector is liable for an FDCPA violation. *See Register*, 488 F. Supp. 2d at 147-48. This Court should grant summary judgment in favor of Ms. Hernandez on Count III in her original class action complaint.

## Conclusion

"A construction which would leave without effect any part of the language of a statute will normally be rejected." P. St. J. Langan, *Maxwell on Interpretation of Statutes* (12th ed. 1969). Thus, every district court that has considered the issue has ruled that a debt collector violates the FDCPA if it does not include the specific "in writing" language required by Sections 1692g(a)(4) and (5). This unanimous conclusion is supported by the plain language and legislative history of the Act, as well as by elementary statutory construction principles. There is no reason for this Court to depart from this well-reasoned case law here. This Court should grant Ms. Herndandez's motion for summary judgment on all claims.

Respectfully submitted this 12th day of July, 2013,

By: /s/ Marshall Meyers
Marshall Meyers (020584)
Weisberg & Meyers, LLC
5025 North Central Ave., #602
Phoenix, Arizona 85012
(602) 445-9819
(866) 565-1327 (facsimile)
mmeyers@attorneysforconsumers.com

**CERTIFICATE OF SERVICE**

I certify that on July 12, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Timothy J. Thomason
Tthomason@dickinson-wright.com
Nicole Felker Bergstrom
Bbergstrom@ dickinson-wright.com
Dickinson Wright/Mariscal Weeks
2901 North Central Avenue
Suite 200
Phoenix, AZ 85012
Attorneys for Defendant

/s/ Tara St. Angelo
Tara St. Angelo